# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

---

|  |  |  |
|---|---|---|
| FOTOHAUS, LLC, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: |
| | : | |
| v. | : | COMPLAINT AND JURY |
| | : | DEMAND |
| INVESTED DEVELOPMENT, LLC and | : | |
| MIGUEL GRANIER, | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, FOTOHAUS, LLC ("Fotohaus" or "Plaintiff"), brings this complaint in the

United States District Court for the District of Massachusetts against INVESTED

DEVELOPMENT, LLC ("Invested") and MIGUEL GRANIER ("Granier") (together

"Defendants"), alleging as follows:

## PARTIES

1.  Plaintiff is a limited liability company existing under the laws of the State of Florida, with an

    office located in Tallahassee, Florida.

2.  On information and belief, Invested is a Domestic Limited Liability Company existing under

    the laws of the state of Massachusetts, with headquarters in Cambridge, Massachusetts.

    Invested is an impact investment management firm and leading innovator in early-stage

    financing for tech startups, focusing on for-profit social enterprises with innovative solutions

for underserved populations.[1] Invested owns, operates, and is solely responsible for the content on the website, www.investeddevelopment.com.

3. On information and belief, Granier is the Founder and Managing Director of Invested.[2]

## JURISDICTION AND VENUE

4. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

5. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

6. Defendants are subject to personal jurisdiction in Massachusetts.

7. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because Defendants are subject to personal jurisdiction in this district.

8. This Court also has personal jurisdiction over Defendants, and venue in this District is proper under 28 U.S.C. § 1400(a).

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9. Daniel Foster ("Foster"), Manager of Fotohaus, captured the photograph, "Intellectual Property Innovation" ("Copyrighted Photograph") on December 19, 2015 in Berlin, Germany. [Exhibit 1].

10. On December 22, 2015, Foster posted Copyrighted Photograph to www.flickr.com/photos/danielfoster/23873648935. [Exhibit 2].

11. Foster registered Copyrighted Photograph with the United States Copyright Office on February 14, 2016 (Registration No.: VA 1-993-600). [Exhibit 3].

---

[1] www.investeddevelopment.com/about

[2] www.linkedin.com/in/mdgranier

12. Beginning on or about November 1, 2016, Defendants copied and posted Copyrighted Photograph to Invested's commercial website, www.investeddevelopment.com. Defendants used Copyrighted Photograph as a full-page, full-bleed photograph accompanying the post titled "Innovations in Sustainable Energy." [Exhibit 4].

13. Defendants posted Copyrighted Photograph to the following URLs:

   • www.investeddevelopment.com/2015/05/innovations-in-sustainable-energyweekly-review-525-529. [Exhibit 4].

14. Defendants included active links to social media companies immediately below Copyrighted Photograph and the title to the post detailed in Paragraph 13. [Exhibit 4].

15. Defendants copied and posted Copyrighted Photograph without permission or license from Plaintiff or any agent authorized by Plaintiff.

16. Foster assigned the copyright to Copyrighted Photograph to Fotohaus on March 8, 2017.

17. Despite numerous demands from Plaintiff to Defendant to remove Copyrighted Photograph from Defendant's website and servers, a copy of Copyrighted Photograph remains on Defendant's servers, www.investeddevelopment.com/wp-content/uploads/2015/05/innovation2.jpg. [Exhibit 5].

COUNT I: INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. § 101 ET SEQ.

18. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

19. Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to Copyrighted Photograph, which is the subject of a valid Certificate of Copyright Registration by the Register of Copyrights.

20. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the Copyrighted Photograph to the public.

21. Upon information and belief, Granier is the dominant influence in Invested, and determined and/or directed the policies that led to the infringements complained of herein. Accordingly, Granier is jointly and severally liable for any direct copyright infringement committed by Invested. *See Broad. Music, Inc. v. It's Amore Corp.*, No. 3:08CV570, 2009 WL 1886038 (M.D. Pa. June 30, 2009), citing *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629, 634 (D.N.H.1984). Upon further information and belief, Granier maintained the right and ability to control the infringing activities of Invested, and had a direct financial interest in those activities by virtue of his equity ownership in the companies. Accordingly, Granier is vicariously liable for any copyright infringement committed by Invested. *See, e.g., Broad. Music, Inc. v. Tex Border Mgmt.*, 11 F. Supp. 3d 689, 693-94 (N.D. Tex. 2014).

22. Plaintiff is informed and believes Defendants, without the permission or consent of Plaintiff, copied and used Copyrighted Photograph on Defendant's commercial website, www.investeddevelopment.com. In doing so, Defendant violated Plaintiff's exclusive rights of reproduction and distribution. Defendants' actions constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

23. Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

24. As a result of Defendants' infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to actual damages or statutory damages, pursuant to 17 U.S.C. § 504 for Defendants' infringement of Copyrighted Photograph.

## COUNT II: CONTRIBUTORY INFRINGEMENT

25. Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiff, knowingly made available and encouraged copying and distribution of Copyrighted Photograph to third parties by posting active links to social media companies immediately adjacent to Copyrighted Photograph.

26. Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiff, had knowledge or reason to know of such contributory infringement.

27. As a result of Defendants' actions, Plaintiff is entitled to actual damages or such other and further relief as is just and proper.

## COUNT III: REMOVAL AND ALTERATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION PURSUANT TO 17 U.S.C. § 1202

28. Plaintiff is informed and believes that Defendants, without the permission or consent of Plaintiff, knowingly and with the intent to conceal infringement, intentionally removed the copyright management information from Plaintiff's Copyrighted Photograph before displaying Copyrighted Photograph on Defendants' website, www.investeddevelopment.com. In doing so, Defendants violated 17 U.S.C. § 1202(a)(1) and (b)(1).

29. As a result of Defendants' actions, Plaintiff is entitled to actual damages or statutory damages pursuant to 17 U.S.C. § 1203(c). Plaintiff is further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.  Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B.  Immediately and permanently enjoining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Plaintiff's Copyrighted Photograph without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

C.  Awarding Plaintiff the maximum allowable statutory damages for Defendants' intentional and willful copyright infringement, or maximum actual damages in an amount, to be determined at trial;

D.  Awarding Plaintiff his costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203; and

E.  Awarding Plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Respectfully submitted,
FOTOHAUS, LLC,
By its attorneys,


Dated: August 23, 2018                    /s/ Michael P. Twohig
                                          Michael P. Twohig, BBO # 648079
                                          Twohig Caplan LLP
                                          25 Pender Street
                                          Boston, MA 02132-3209
                                          617-548-3627
                                          mtwohig@twohigcaplan.com

                                          and

                                          Andrew F. Caplan, BBO # 564127
                                          Twohig Caplan LLP
                                          P.O. Box 84
                                          Swampscott, MA 01907
                                          339-440-0978
                                          acaplan@twohigcaplan.com

                                          and

                                          David C. Deal (VA Bar No.: 86005)
                                          The Law Office of David C. Deal, P.L.C.
                                          P.O. Box 1042
                                          Crozet, VA 22932
                                          434-233-2727, Telephone
                                          888-965-8083, Facsimile
                                          david@daviddeal.com
                                          (*Pro hac vice* application to be filed)

EXHIBIT 1



EXHIBIT 2



EXHIBIT 3

## Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

**VA 1-993-600**

**Effective Date of Registration:**
February 14, 2016

**Title** _____

| | |
|---|---|
| **Title of Work:** | Group Registration Photos, Daniel Foster, published November 21, 2015 to December 21, 2015; 22 photos |
| **Content Title:** | Chilling at Home |
| | Computer Programming |
| | Creative Hipster |
| | Creative Man |
| | Creative Man II |
| | Disagreement |
| | Futuristic Architecture |
| | Futuristic Architecture II |
| | Headphones |
| | Intellectual Property Innovation |
| | Invention |
| | Istanbul Market |
| | Istanbul Mosque |
| | Laptop Work |
| | Light Bulbs |
| | Listening to Music |
| | Making a Bed |
| | Man Texting |
| | Pyramid of the Sun |
| | Sky of Hope |
| | Stress Relief |

Page 1 of 2



Teotihuacan Landscape II

## Completion/Publication

|   |   |
|---|---|
| **Year of Completion:** | 2015 |
| **Date of 1st Publication:** | November 21, 2015 |
| **Nation of 1st Publication:** | United States |

## Author

|   |   |
|---|---|
| **Author:** | Daniel Foster |
| **Author Created:** | photograph |
| **Citizen of:** | United States |

## Copyright Claimant

|   |   |
|---|---|
| **Copyright Claimant:** | Daniel Foster |
|  | Libauer Str. 8, Berlin, 10245, Germany |

## Certification

|   |   |
|---|---|
| **Name:** | Daniel Foster |
| **Date:** | February 14, 2016 |

| | |
|---|---|
| **Copyright Office notes:** | Basis for Registration: Registered as a group of published photographs. |

Page 2 of 2

EXHIBIT 4



## Innovations in Sustainable Energy

MAY 29TH, 2015 / WEEKLY REVIEW

By Invested Development

Today, about 1.1 billion people worldwide live in energy poverty. Access to clean, reliable energy can offer much more than electricity to populations in developing countries. The growing renewable energy sector is creating thousands of jobs, and innovative energy services are enabling access to other critical goods and services. Below are recent articles highlighting developments in the renewable energy sector and how innovations are solving major problems in the developing world.

Sustainable Energy for All (SE4All) Initiative Gathers Steam by Sandy Dechert on CleanTechnica

Last week, the Sustainable Energy for All (SE4All) initiative held its second annual Forum in the UN General Assembly hall. The partnership aims to meet the following three goals by 2030:

EXHIBIT 5

